FILED

12/20/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0174

DA 16-0174

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 334N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

JESSIE WILLIAM MEACHAM,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DC-2014-298
                    Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Martin W. Judnich, Vincent J. Pavlish, Judnich Law Office, Missoula, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant Attorney General, Helena, Montana

            Kirsten H. Pabst, Missoula County Attorney, Karla Painter, Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  November 16, 2016

Decided:  December 20, 2016

Filed:

                                           Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jessie Meacham appeals the Fourth Judicial District Court's order denying his motion to suppress evidence and to dismiss charges relating to his arrest for driving under the influence. We affirm.[1]

¶3 Missoula County Deputy Sheriff Rebecca Birket observed Meacham's vehicle stuck in a snowbank behind a local saloon on February 27, 2014, at around 10:30 p.m. She approached Meacham's vehicle to see if she could render aid. Meacham initially avoided eye contact with Deputy Birket and stared blankly straight ahead. Deputy Birket testified that she got out of her patrol car and approached to within approximately three feet of Meacham's vehicle. She asked Meacham if he needed assistance. Meacham opened his car door and responded, "I'm good." During this brief interaction, Deputy Birket noticed that Meacham slurred his words, that he smelled of alcohol, and that his eyes were "glossy," "watery," and "red."

---

[1] The appendix of appellant's opening brief contained transcripts from hearings on October 17 and November 10, 2014. These transcripts were not made part of the District Court record according to M. R. App. P. 8(1). Because both parties cited to these transcripts on appeal, and because the transcripts appear to constitute authentic records of the proceedings, we rely on them in part in our summary of the factual background of this case.

¶4 Deputy Birket began looking around the rear of Meacham's vehicle. As she did, Meacham's tires gained traction and he drove away. Deputy Birket yelled at him to stop. He did not respond, so Deputy Birket pursued him in her patrol car. Meacham initially eluded Deputy Birket, but another law enforcement officer stopped him. Deputy Birket arrived and questioned Meacham, and Meacham admitted that he had been drinking. Deputy Birket arrested Meacham.

¶5 The State charged Meacham with felony driving under the influence, obstructing a peace officer, and driving while license suspended or revoked. Meacham moved to suppress the evidence against him and to dismiss the charges. He argued that Deputy Birket lacked particularized suspicion to justify her investigative stop of his vehicle.

¶6 The District Court denied Meacham's motion. It reasoned that Deputy Birket properly initiated contact with Meacham under the "community caretaker doctrine" and that, while acting in her community caretaker capacity, she observed facts sufficient to establish particularized suspicion that Meacham had been driving under the influence.

¶7 On appeal, Meacham concedes that Deputy Birket properly initiated contact with him under the community caretaker doctrine. He contends, however, that her community caretaker function ceased at the moment Meacham told her that he did not need her assistance. Meacham argues that Deputy Birket did not, at that point, possess particularized suspicion of criminal wrongdoing. He contends that her subsequent interactions with him constituted an unlawful seizure. As a result, all the evidence she obtained during that unlawful seizure should have been suppressed.

3

¶8 We review a district court's grant or denial of a motion to suppress to determine whether the court's findings of fact are clearly erroneous and whether those findings were applied correctly as a matter of law. *City of Missoula v. Moore*, 2011 MT 61, ¶ 10, 360 Mont. 22, 251 P.3d 679. A district court's finding that particularized suspicion exists is a question of fact, which we review for clear error. *City of Missoula*, ¶ 10. We review the grant or denial of a motion to dismiss in a criminal proceeding de novo to determine whether the district court's conclusion of law is correct. *State v. Kant*, 2016 MT 42, ¶ 11, 382 Mont. 239, 367 P.3d 726.

¶9 This Court recognizes the community caretaker doctrine, which serves as an exception to the warrant requirement for seizures. *State v. Spaulding*, 2011 MT 204, ¶ 18, 361 Mont. 445, 259 P.3d 793. The doctrine allows a police officer to stop and investigate when the officer reasonably suspects that "a citizen is in need of help or is in peril." *State v. Lovegren*, 2002 MT 153, ¶ 25, 310 Mont. 358, 51 P.3d 471. Once the officer is "assured that the citizen is not in peril or is no longer in need of assistance or that the peril has been mitigated, then any actions beyond that constitute a seizure which must be justified by something other than the community caretaker doctrine, such as particularized suspicion or probable cause." *Spaulding*, ¶ 21.

¶10 Particularized suspicion requires that an officer possess: "(1) objective data and articulable facts from which he or she can make certain reasonable inferences; and (2) a resulting suspicion that the person to be stopped has committed, is committing, or is

4

about to commit an offense." *Brunette v. State*, 2016 MT 128, ¶ 17, 383 Mont. 458, 372 P.3d 476 (citing *Brown v. State*, 2009 MT 64, ¶ 20, 349 Mont. 408, 203 P.3d 842).

¶11 As Meacham acknowledges, the community caretaker doctrine permitted Deputy Birket to initiate contact with Meacham to see if he needed assistance. *Lovegren*, ¶ 25. Once Meacham assured Deputy Birket that he did not require her assistance, any further actions by Deputy Birket constituted a seizure which needed to "be justified by something other than the community caretaker doctrine, such as particularized suspicion." *Spaulding*, ¶ 21.

¶12 Deputy Birket's testimony establishes that she had developed particularized suspicion by the time Meacham assured her that he did not need her help. Deputy Birket had observed Meacham's car stuck in a snowbank behind a saloon at night. Meacham avoided eye contact with her and was staring blankly straight ahead when she first approached him. During her conversation with Meacham, Deputy Birket noticed numerous objective signs of intoxication. These observations constituted "articulable facts" from which Deputy Birket made the reasonable inference that Meacham had committed or was committing the offense of driving under the influence. *See Brown*, ¶ 20; *Hulse v. DOJ, Motor Vehicle Div.*, 1998 MT 108, ¶ 40, 289 Mont. 1, 961 P.2d 75 (stating that a driver's smell of alcohol, bloodshot and glassy eyes, and slurred speech may establish particularized suspicion that the driver is intoxicated); *State v. Marcial*, 2013 MT 242, ¶¶ 5, 19, 371 Mont. 348, 308 P.3d 69 (holding that where an officer asked defendant driver who nearly crashed his car if he was okay, and where the officer smelled

alcohol on defendant among other signs of intoxication, the officer possessed particularized suspicion that defendant had been driving under the influence). Deputy Birket's investigation and pursuit of Meacham after Meacham assured her that he did not require assistance was thus "justified by something other than the community caretaker doctrine"—particularized suspicion. *Spaulding*, ¶ 21.

¶13 The District Court's conclusion that Deputy Birket possessed particularized suspicion was not clearly erroneous. *City of Missoula*, ¶ 10. Because Deputy Birket possessed particularized suspicion, the investigation that followed was lawful. The District Court thus correctly denied Meacham's motion to suppress evidence and to dismiss the charges. *City of Missoula*, ¶ 10; *Kant*, ¶ 11.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The judgment is affirmed.


/S/ BETH BAKER


We concur:

/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE